834 A.2d 400

IN THE MATTER OF CARL C. BOWMAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 202991962).

November 14, 2003.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03–192, concluding that **CARL C. BOWMAN** of **WESTVILLE,** who was admitted to the bar of this State in 1962, and who thereafter was suspended from the practice of law by Orders of this Court filed November 6, 2002, January 17, 2003, and November 14, 2003, and who remains suspended at this time, should be suspended from the practice of law for a period of one year consecutive to the six-month term of suspension imposed this date in DRB 03–146, for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate), *RPC* 1.16(d) (failure to take steps to protect client's interests on termination of representation), *RPC* 1.5(b) (failure to provide a written retainer agreement), *RPC* 4.2 (communicating about the subject of the representation with a person that lawyer knows or should know to be represented by another lawyer in the matter), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts to ensure that the conduct of non-lawyer employee is compatible with the professional obligations of the attorney), *RPC* 5.3(b) (failure to properly supervise non-lawyer employee), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board further having concluded that prior to reinstatement to practice respondent should be required to submit proof of his fitness to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that **CARL C. BOWMAN** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective May 14, 2004; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that he is fit to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.